889 F.2d 1101
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONSOLIDATED CONSTRUCTION, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1365.
 United States Court of Appeals, Federal Circuit.
 Oct. 24, 1989.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Consolidated Construction, Inc. (Consolidated) appeals the decision of the General Services Board of Contract Appeals (Board), Consolidated Const., Inc. v. United States, GSBCA No. 8871; 88-2 BCA p 20,811 (May 4, 1988), denying it an equitable adjustment. We affirm.
 
 OPINION
 
 2
 The Board's decisions on questions of fact "shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. Sec. 609(b) (1982); see Erickson Air Crane Co. of Washington, Inc. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984).
 
 
 3
 Consolidated seeks an equitable adjustment for costs and expenses incurred in installing a rolling door which did not fit the constructed opening. The Board found the following facts: Consolidated did not verify the site dimensions prior to bidding the contract. Consolidated Construction, 88-2 BCA p 20,811 at 105,202. Consolidated ordered the door before it received approval of shop drawings of the door. Id. Upon receiving the door, it became apparent that the door's hood would not fit within the designated area because of the combination of a newly-built wall and a preexisting column. Id. We cannot say these findings of fact are not supported by substantial evidence; therefore they are final and conclusive.
 
 
 4
 The interpretation of a contract is a question of law to be decided by the court, which is not bound by the Board's interpretation. B.D. Click Co. v. United States, 614 F.2d 748, 752 (Ct.Cl.1980). The contract had a Measurements Clause requiring appellant to verify "[a]ll dimensions shown of existing work and all dimensions required for work that is to connect with work now in place." Appellee App. at 89 (General Provision 23). Properly interpreted, that clause also required verifying dimensions related to the later constructed wall. General Notes on the drawings required Consolidated to verify dimensions and field conditions before starting work. Id. at 68 (Drawing 3-1). Consolidated also was specifically required to "verify hood dimen." of the rolling door. Appellant App. at 42 (Drawing 3-2). The contract's Site Investigation Clause required Consolidated to represent it had informed itself of "the general and local conditions which can affect the work or its cost" and as to the "character, quality, and quantity of ... obstacles to be encountered." Appellee App. at 89 (General Provision 22).
 
 
 5
 The contract also required prior government approval of shop drawings of the door that showed the proposed "installation (i.e., form, fit, and attachment details) of materials or equipment," id. at 90 (General Provision 24(d)), and "additional space requirements," Appellant App. at 41 (Rolling Door, sec. 08331, pt. 12.1). Indeed, the contract specifically provided that "[a]ny work done before [shop drawing] approval shall be at the Contractor's risk." Appellee App. at 90 (General Provision 24(e)).
 
 
 6
 Reading the contract as a whole, it is apparent that Consolidated had a duty to verify dimensions for placement of the rolling door including the dimensions of the door's hood in view of obstacles on the site, such as the pre-existing column and the newly-built wall. Because Consolidated failed in its duty to verify the dimensions, check and allow for obstacles, and ordered the door prior to shop drawing approval, it has not established entitlement to an equitable adjustment of the contract price. The Board's decision denying an adjustment is therefore affirmed.